# Cases

# SECOND DEPARTMENT,

AT

# GENERAL TERM,

## May, 1881.

---

THE NATIONAL MECHANICS' BANKING ASSOCIA-
TION, RESPONDENT, *v.* JOSEPH C. CONKLIN AND OTHERS,
APPELLANTS.

*Bond given by a book-keeper — when it does not cover a defalcation occurring after he
has been appointed to another office.*

In 1863, the plaintiff having appointed the defendant Conklin its book-keeper,
took from him a bond, which, after reciting the fact of the appointment and
his acceptance thereof, provided "the condition of this obligation is such
that if the above-named Joseph Conklin shall faithfully fulfil and discharge
the duties of any other trust or employment, relating to the business of the
said association, which may be assigned to him, or which he shall undertake
to perform, and shall, also, without neglect or delay, inform the president or
cashier of the said association of any embezzlement of the money, property
or goods belonging to, and of any fraud whatever committed upon the said
association; of any false entry, error, mistake or difference of account in the
books thereof, which he may discover or which shall come to his knowledge
as such book-keeper aforesaid, or while engaged in any other office duty or
employment relating to the business thereof, and which he may discover, or
which shall come to his knowledge in any matter or thing whatsoever apper-
taining thereto; and shall, also, faithfully keep all the secrets of the said asso-
ciation, then the above obligation to be void."
The defendant continued to act as book-keeper until 1870, when he was appointed
receiving teller of the plaintiff, in which capacity he continued to act until
1879, when he resigned and was found to be a defaulter.
*Held,* that the bond did not cover a defalcation occurring while he was acting as
teller, and that the sureties thereon were not liable therefor.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a judgment directed in favor of the plaintiff.

The action was brought against the principal and the sureties upon a bond.

*John H. Bergen*, for the appellants.

*Eugene H. Pomeroy*, for the respondent.

BARNARD, P. J. :

The question presented is one purely of law — What is the true meaning of the bond upon which the action is based? In 1863, the plaintiff appointed the defendant, Joseph C. Conklin, a book-keeper. The bond in question was given upon that appointment ; it is in the penalty of $10,000 and was executed by the defendants. The recital and conditions are as follows :

" *Whereas*, the above named, The Mechanics' Banking Association, have appointed the above-named Joseph C. Conklin to the office of a book-keeper of the said association, and the said Joseph C. Conklin hath accepted the same and consented to perform the duties thereof. Now, the condition of this obligation is such that if the above-named Joseph C. Conklin shall faithfully fulfill and discharge the duties of any other trust or employment, relating to the business of the said association, which may be assigned to him or which he shall undertake to perform, and shall, also, without neglect or delay, inform the president or cashier of the said association of any embezzlement of the money, property or goods belonging to, and of any fraud whatever committed upon the said association ; of any false entry, error, mistake or difference of account in the books thereof, which he may discover or which shall come to his knowledge as such book-keeper aforesaid, or while engaged in any other office duty or employment relating to the business thereof, and which he may discover or which shall come to his knowledge, in any matter or thing whatsoever appertaining thereto, and shall, also, faithfully keep all the secrets of the said association, then the above obligation to be void, otherwise to remain in full force and virtue."

The case discloses that the book-keeper continued to perform his

duties as such until 1870, when he was appointed receiving teller of the defendant's bank, with an increased salary. He continued to act as receiving teller until the last of 1879, when he resigned and was found to be a defaulter to the amount of $2,700. This defalcation occurred long after he was appointed teller, and probably at or near the end of his employment as teller.

The bond in question should not be held to cover this default. It was given to secure fidelity in a book-keeper, and has no direct reference to fidelity in any other employment.

The general words referring to " the duties of any other office or employment relating to the business of the said association which may be assigned to him, or which he shall undertake to perform," can be referred to the performance of any duty temporarily and occasionally imposed upon the book-keeper or undertaken by him. Such a clause was proper, and strictly applied to the employment as book-keeper. It happens from sickness and from other causes that an officer of the bank is temporarily absent: other officers perform their duties. There would be a chance to claim in such a case that a bond to secure the faithful performance of the duties of book-keeper did not include a failure of duty committed while temporarily acting as teller or cashier. This clause in question would remove all controversy on that point. For acts done as an officer of the bank, and while book-keeper, his sureties would be liable. It is a far different thing after the book-keeper ceases to be such, and is appointed to a higher office with greater responsibility and a larger salary, to hold that this book-keeper's bond is to apply, by force of these general words, to the office of teller. One construction would easily fall within the intent of the parties, the other would not. No new office is mentioned or alluded to, and it is not probable that any was thought of by the parties. This view is further sustained by the recital; that refers only to the fact that the bank has appointed a book-keeper and that he has accepted that office, and upon that recital the condition is based. The recital limits the condition to the facts stated in the recital, unless the language of the condition is irreconcilable with the recital. As we have seen, there is no repugnance. The bond is to cover all acts and omissions as book-keeper, and all acts and omissions in every office assigned to him while book-keeper.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.